THE MECHANICS' & TRADERS' BANK *vs.* THE VERSAILLES
WOOLLEN COMPANY.

New London Co., May T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS,
SEYMOUR and TORRANCE, Js.

Under Gen. Statutes, § 507, which provides for the institution of insolvency
proceedings by a creditor against a non-resident debtor owning pro-
perty in this state, it is not necessary that the creditor should be a
resident of this state.

The provision to that effect in the act as originally passed in 1853, was
omitted in a revision of the probate laws in 1885, in which this and
other sections were consolidated.

That omission must be regarded as intentional, and as removing the limita-
tion of the original act.

[Argued May 28th—decided September 12th, 1890.]

ACTION to recover upon sundry notes endorsed by the
defendant company; brought to the Superior Court in New
London County, and dismissed by the court (*Fenn, J.,*) upon
a plea to the jurisdiction. Appeal by the plaintiff. The
case is stated in the opinion.

*C. F. Thayer,* (with whom was *G. E. Parsons*), for the
appellant.

*F. T. Brown* and *D. G. Perkins,* for the appellee.

TORRANCE, J. Both the plaintiff and defendant are cor-
porations organized under the laws of the state of New
York and located in the city of New York. For more than
one year prior to the 16th day of July, 1889, the defendant
had carried on a manufacturing business, and owned real
and personal property, in the town of Sprague in this state,
and on that day it owned and possessed such property in
that town to a large amount.

Prior to that day divers suits had been brought against
the defendant, in this state, by its creditors, in which suits
such property had been attached, and the defendant was in

fact largely insolvent. While these suits were pending, one Brown, a resident of the state of Rhode Island, and a creditor of the defendant, brought his petition to the court of probate, of the district in which the town of Sprague is situated, asking for the appointment of a trustee in insolvency to take charge of the property of the defendant in this state for the benefit of its creditors. Thereupon such proceedings were had in the probate court that the defendant, on the 16th day of July, 1889, was adjudged to be insolvent, and trustees were appointed, as prayed for in the petition, who at once qualified, took possession and charge of all the defendant's property in this state, and proceeded with the settlement of the insolvent estate under the orders of the court of probate.

In January, 1890, and while the trustees were proceeding with the settlement of the estate, the plaintiff, being a creditor of the defendant for a large amount, brought the present suit against the defendant, returnable to the Superior Court for New London County on the first Tuesday of March, 1890. The writ issued in the suit was not otherwise served than by attaching the property of the defendant in the hands of its trustees in insolvency, and in the hands of certain other persons with whom the trustees, acting as such, had deposited the moneys and property of the estate for custody. At the proper time the defendant, by its counsel, filed in the Superior Court a plea in abatement of the suit, on the ground that the court had no jurisdiction thereof, because the parties were not residents of this state, and personal service had not been made on the defendant, and no property of the defendant had been attached therein, on account of the insolvency proceedings, which are set out in the plea. The reply admitted the non-residence of the parties, and the want of personal service, but claimed jurisdiction on the ground that the defendant's property had been attached. The court sustained the plea in abatement, and dismissed the cause for want of jurisdiction.

It will hardly be necessary to consider separately the rulings of the Superior Court of which the plaintiff complains

for they all turn upon the question whether the court of probate had jurisdiction of the insolvency proceedings aforesaid; and the sole objection to such jurisdiction is based upon the claim that the law does not permit a non-resident creditor to proceed in insolvency against a non-resident debtor owning property in this state.

If the law does permit this to be done, then the probate court had jurisdiction, and there is no error in the judgment here appealed from. If it does not, then the probate court had no jurisdiction, and the judgment of the Superior Court should be reversed.

The statute under which the proceedings in insolvency were brought is found in section 507 of the Revised Statutes of 1888, and so much of it as it is necessary to quote reads as follows:—"When a writ of attachment shall be issued upon a claim founded on contract or judgment of one hundred dollars or more, upon which writ, etc. etc., or when any person shall hold a claim against another amounting to one hundred dollars or more which is not due, or shall hold a judgment for that amount which is suspended, etc. etc., and since the contracting of such debt, or during the pendency of the suit on which such judgment was rendered, such debtor shall have failed in his circumstances, or when any creditor may have a claim amounting to one hundred dollars or more against a non-resident debtor owning property in this state, in either case aforesaid any such creditor may petition the court of probate having jurisdiction, etc."

Prior to the revision and consolidation of the probate laws in 1885, the provisions relating to proceedings in involuntary insolvency found in this section existed in separate sections, and, as was done in the argument before us, its provisions may here, for convenience of reference, be regarded as consisting of three separate sections or clauses, called first, second and third.

The first relates to such proceedings brought by creditors whose claims are due, who, having attempted to enforce payment by suit and attachment, have failed to find property sufficient to secure the claim; the second, to cases

where the claim is not due at the date of the commencement of such proceedings, against a debtor who has failed in his circumstances since the claim was contracted; the third to proceedings brought against a non-resident debtor having property in this state, upon claims due when the proceedings are instituted. In the case at bar no question arises under the first section.

The claims of the plaintiff upon this question of jurisdiction may be briefly stated as follows:—The petition must be regarded as brought either under the second or the third section of the law. If brought under the second, the court of probate had no jurisdiction, because under that section such petitions can only be brought against debtors residing in this state. If brought under the third, the court was without jurisdiction, because under that section such petitions can only be brought by creditors residing in this state upon claims justly due at the date of the petition.

Now whether or not petitions like the one here in question can be brought upon a claim not due at the date of the petition, under the provisions of the second section, we have no occasion to decide, for we are satisfied that the petition here in question should be regarded as based upon a claim of the requisite amount justly due at the date of the petition. The plaintiff argues that the petition was brought under the second section, for the reason that it sets forth a debt due in the future, does not with certainty allege a present indebtedness, and is verified by the oath of the petitioner, as in petitions brought under the second section.

It is true that the petition does count upon certain claims which were not due at the date of the petition, but we think the plaintiff is mistaken in his claim that it does not also set forth with sufficient certainty a present indebtedness. It sets forth two classes of claims, namely, claims upon certain promissory notes described as due and payable in the future, and claims upon a draft for twelve hundred dollars "which had been dishonored and not paid according to its terms," and upon an account for goods sold, amounting to $4,927.94; and in reference to the last two claims it is al-

leged that the debtor has never paid the petitioner any of said amounts. This is a sufficient statement of an indebtedness due from the debtor to the creditor at the date of the petition, and as no other objection to the form of the petition has been made or appears to exist, the statement of claims not then due may be treated as surplusage, and the petition be regarded as brought upon a claim justly due, under the third section.

Now if a petition of this nature, based upon a claim justly due at its date, can, under any circumstances, be brought by a non-resident creditor, under the provisions of the third section, then the petition in the present case was properly brought, and the court of probate had jurisdiction.

The petitioner was a creditor, his debt was due and of the required amount, the defendant was a non-resident debtor owning property in this state, and the petition was brought to the court of that district in which such property was situated. Here then were all the elements necessary to give that court jurisdiction.

As already stated, the sole objection to the jurisdiction is the non-residence of the petitioner, and the sole question left in the case is, whether the third section of the law as it now stands requires the petitioner to be a resident of this state.

This third section was first enacted in 1855, in the following words : " In all cases in which any debtor residing out of this state shall own property, real or personal, within this state, upon application of any creditor *residing in this state,* whose claim shall amount to one hundred dollars or upwards, to the court of probate, * * * said court shall appoint a trustee etc. etc."

In making the revision and consolidation of the probate laws in 1885, this section was put in the form in which we now find it in section 507, and in so doing the words "residing in this state," after the word " creditor," were omitted. The plaintiff contends that in omitting these words the legislature did not intend to enlarge the class of creditors who might proceed in insolvency against the property of non-

resident debtors found in this state, and that the right to do so is still confined to creditors residing in this state. In support of this contention, and largely on the assumption that the petition in question is brought under the second section, upon a claim not due at the date of the petition, counsel for the plaintiff have made an able and ingenious argument. If however the petition is, as we hold, brought under the provisions of the third section, upon a claim justly due at the date of the petition, the argument loses very much of its force.

The determination of this question depends upon the construction of the statute as we now find it, and in construing it our aim should be to discover and give effect to the legislative intent. That intent must be ascertained chiefly from the language used, read in the light of the circumstances under which the law came to assume its present form.

The words used to express the legislative intent should be taken in their ordinary and natural meaning, unless there are obvious reasons for concluding that they are used in a different sense. Now as we have already seen, when the legislature first gave the right to proceed in insolvency against non-resident debtors' property in this state, it defined the class of creditors who might so proceed by adding after the words " any creditor " the words " residing in this state." These are plainly words of limitation and restriction. They were omitted from the definition of the class of persons who might proceed in insolvency against debtors under the provisions of the first and second sections, although these sections were enacted in 1853. They excluded all creditors of the non-resident debtor except those who resided within certain small and well defined territorial limits. They formed a barrier which shut out such creditor if he resided in another state. A non-resident creditor could attach and take on execution in this state the property of the non-resident debtor found here ; he could also proceed in insolvency against a debtor, if his case came within the provisions of the first and second sections of the law; but he could not

proceed in insolvency against the non-resident debtor's property found here, because of this legislative barrier.

That the legislature intended to erect this barrier can, from the language used, admit of no possible doubt. These limiting words remained in the law for thirty years and were then omitted. The question then is, whether, in omitting them, the legislature intended to change the law. It is obvious that if the legislature desired to keep up this barrier it was only necessary to allow the limiting words to stand, as they had for so many years. On the other hand, if it intended to remove the barrier, that intent could be manifested in no more effectual way than by deliberately striking them out. When then, in 1885, the legislature deliberately struck out of the law these important qualifying words, we are forced to hold that such action was taken intentionally and for the express purpose of removing the barrier which those words alone created. As the law formerly stood, it clearly excluded non-resident creditors. As it now stands, its language is clearly broad enough, as the plaintiff concedes, to include such creditors. The circumstances under which this change of language was made satisfy us that the legislature intended to, and did, so change the law as to vest in the non-resident creditor, whose claim is justly due and of the required amount, the right to proceed in insolvency against a non-resident debtor's property found in this state.

That it had the power to do this we think cannot be questioned, and we know of no constitutional provision that is or can be violated by the exercise of such a right. With the legislative reasons for making this change in the law, or with the consequences that may flow from it, we have no concern here; it is enough that the legislature had the power and intention to make it, and has manifested that intention in a clear and positive manner.

If, as was suggested in argument, the operation of the law works harm to any one, the remedy lies with the legislature and not with the courts. Inasmuch however as our law permits a non-resident creditor to appropriate by attachment and execution the property of a non-resident debt-

or found here, we see no good · reason why it may not also permit another non-resident creditor to compel, by proceedings·in insolvency, a fair and equitable division of that property among all creditors·in proportion to their respective claims.

For these reasons we hold that, under the law as changed in 1885, the court of probate had jurisdiction of the proceedings here in question, and that there is no error in the judgment of the court below.

In this opinion the other judges concurred.